UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL PHELPS,

                           Petitioner,

          -against-

K. MCCARTHY, SUPERINTENDENT,

                           Respondent.

24-CV-2381 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Elmira Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, challenging his March 1, 2023 judgment of conviction in the New York Supreme Court, New York County. For the reasons set forth in this order, the Court dismisses the petition without prejudice as prematurely filed.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner was convicted on March 1, 2023 of predatory sexual assault and first-degree sexual abuse. Petitioner appealed his judgment of conviction to the New York State Supreme Court, Appellate Division, First Department, and that appeal is pending. (ECF 1, at 5 ("Appeal is still pending[.]").)

Petitioner also filed (1) a motion seeking release, presumably while his appeal is pending, (*see* ECF 7); (2) a request for a stay of these *habeas* proceedings, arguing that a stay is warranted when a petition includes both exhausted and unexhausted claims, (*see* ECF 10); and (3) a challenge to the requirement that Petitioner register as a sex offender, following the release from custody for his prior conviction (*see* ECF 13).[1]

## DISCUSSION

Before a petitioner can seek federal *habeas* relief, Section 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the

---

[1] Petitioner refers in his motion to his May 1998 conviction for first-degree burglary and attempted first-degree rape, for which Petitioner served his sentence and was released before his current conviction. In a prior action filed in this court, he challenged the constitutionality of that conviction. *See Phelps v. Superintendent*, ECF 1:20-CV-10352, 1 (KPF) (S.D.N.Y. June 7, 2021). On June 7, 2021, Judge Katherine Polk Failla granted the respondent's motion to dismiss the Section 2254 motion and denied Petitioner leave to amend because the motion was untimely and leave to amend would be futile. *Id.* (Doc. No. 40). According to public records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), Petitioner was released from custody for this prior conviction on September 9, 2021. *See* DOCCS, *Inmate Locator*, *Darryl Phelps*, https://nysdoccslookup.doccs.ny.gov [https://perma.cc/57R7-9PHB] (last visited May 28, 2024).

question presented." § 2254(c). In other words, if the State provides a procedure, a petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before this Court may review a petition for a writ of *habeas corpus* brought under Section 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for purpose of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner alleges that he has not fully exhausted his state court remedies, the petition is denied as prematurely filed. After Petitioner has fully exhausted his state court remedies, including seeking leave to appeal to the Court of Appeals, he may file a new Section 2254 petition in this court. Because Petitioner's appeal is pending, and this petition does not include both exhausted and unexhausted claims, the Court denies Petitioner's request for a stay. *Rhines v. Weber*, 544 U.S. 269, 271 (2005) (discussing options for district courts when addressing a petition with exhausted and unexhausted grounds).

As for Petitioner's request to be released from custody while his appeal is pending, Petitioner must move in the state court for such a request. Finally, if Petitioner seeks to challenge

his sex offender registration requirements, arising from his prior conviction, he may file a new action raising such a challenge.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice. Following complete exhaustion of his state court remedies, Petitioner may file a new Section 2254 petition. Should Petitioner seek to challenge his sex offender registration requirements, arising from his prior conviction, he may file a new action raising such a challenge.

The Court directs the Clerk of Court to terminate all motions filed in this action.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Finally, the Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                                        /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                Chief United States District Judge